IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MONTEY A. WHITE,

          Plaintiff,

v.                                      CIVIL ACTION NO.   5:11-cv-01003

ALLIANCE HEALTHCARE SERVICES, INC.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant, Alliance Health Care Services, Inc.'s Motion to Dismiss* (Document 4) and *Memorandum of Law in Support of Motion to Dismiss* (Document 5), wherein Defendant asserts that although Plaintiff "alleges he was treated unfairly in his employment when he was demoted for sending an email message that violated Alliance's Anti-Discrimination and Anti-Harassment Policy and training[,]" he fails to allege any viable causes of action, therefore warranting dismissal of the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court has also reviewed *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss* (Document 6), and the *Reply of Defendant, Alliance Healthcare Services, Inc., in Support of Motion to Dismiss* (Document 7).   Upon consideration of the parties' submissions, the Court, for the reasons that follow, denies Defendant's motion.

*I.*

On August 19, 2011, Plaintiff Montey A. White, a West Virginia resident, initiated a civil action in the Circuit Court of Raleigh County, West Virginia, against his employer, Defendant

Alliance Healthcare Services, Inc., which allegedly operates and conducts business in Raleigh County.[1] (Compl. ¶¶ 1-2.) Plaintiff alleges that he has suffered a loss of income, loss of benefits, embarrassment, humiliation, and has been forced to work in a hostile work environment due to his employer's decision to alter his employment after its investigation of an e-mail he distributed. (*See* Compl. ¶ 30.) Plaintiff alleges that on August 17, 2009, Defendant's Human Resources Director notified Plaintiff by letter that Defendant was conducting an investigation into an allegation of Plaintiff's inappropriate behavior. (Compl. ¶ 6.) On August 28, 2009, the Human Resources Director informed Plaintiff that the investigation was complete, that some allegations of Plaintiff's alleged inappropriate behavior had been substantiated, that Plaintiff would be removed from his position of Manager of Operations and transferred to the position of MRI Technologist effective August 31, 2009, and that Plaintiff was not to discuss the matter with any of Defendant's employees. (Compl. ¶¶ 7-8, & 11-12.) Plaintiff alleges that this letter implied that he had failed to follow his employer's Anti-Discrimination, Anti-Harassment Policy and Training, and that his performance and effectiveness was impacted by his alleged inappropriate actions. (Compl. ¶¶ 9-10.) Plaintiff alleges that he was not informed of the nature of the alleged inappropriate behavior, which allegations had been substantiated, or the impact of the same on his performance. (Compl. ¶¶ 6, 8, 10.) Plaintiff also alleges that "upon information and belief" the action which was the subject of the investigation was an email he distributed to four co-workers "providing the names and phone numbers for West Virginia's United States Congressional delegation and United States Senators, and included the use of 'nick-names' for Senator Robert Byrd, Senator Jay Rockefeller, Congressman Nick Rahall and President Obama." (Compl. ¶ 13.) Plaintiff explains that his e-mail was in response to a "mass e-mail sent by Caren Scarbrough on behalf of Paul

---

1   Plaintiff does not allege Defendant's principal place of business or citizenship.

Viviano of Defendant, Alliance, urging all employees of Defendant to contact their representatives about health care reform." (Compl. ¶ 14.). According to the Complaint, a female employee of the Defendant distributed Plaintiff's e-mail response to other employees of the Defendant, one of the recipients "did not approve of the reference to President Obama, and filed a complaint with the Defendant." (Compl. at 17.)  Plaintiff alleges that the female employee who forwarded the allegedly inappropriate e-mail did not receive the same disciplinary action as Plaintiff, and the Defendant's treatment of him and the female employee were not equal and were sexually discriminatory.  (Compl. ¶¶ 18-19.)  Defendant also alleges that other employees have used the Defendant's e-mail system to send messages that "violate the Defendant's stated policies of harassment, discrimination, and the Defendant's restriction on the use of e-mail to solicit political causes without discipline" and that the actions against the Plaintiff were designed to "prevent the Plaintiff from receiving bonuses, commissions, and other income to which the Plaintiff was entitled in his position of Manager of Operations."  Plaintiff also alleges that he attempted to obtain information about the basis for Defendant's employment actions, but his attorney's letter went unanswered.  On March 15, 2010, Defendant notified Plaintiff that his employment was being reduced from full time to "PRN status."  Plaintiff alleges that this March 15, 2010, employment action decreased his position with the Defendant, resulted in a substantial decrease in his income and the loss of benefits.  Consequently, Plaintiff seeks:

> judgment against the Defendant in an amount that will fully compensate the Plaintiff for the losses he has endured from August 31, 2009, through the present date, that he be awarded a sum to compensate him for the loss of benefits he suffered; that he be awarded a sum to compensate him for the embarrassment and humiliation that he endured as a result of the Defendant's action; and that he be awarded additional sums to compensate him all other forms of damages that he has suffered; and for such other relief as

>    the Court deems proper, including his costs and expenses associated
>    with these proceedings.

(Compl. at 9-10). On December 21, 2011, Defendant removed the instant action to this Court pursuant to 28 U.S.C. § 1441, and invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. §1332(a). (Notice of Removal (Document 1) at 2) (asserting that Plaintiff is a resident of the Mercer County, West Virginia; Defendant is a Delaware corporation with its principal place of business in Newport Beach, California; and that "the amount in controversy requirement is satisfied based on the nature of the factual allegations and the remedies sought.") Plaintiff has not challenged these assertions. Thereafter, on December 28, 2011, the Defendant moved to dismiss the Complaint. The matter has been fully briefed and is ripe for resolution.

*II.*

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" *Id*. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This pleading standard requires that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). In *Ashcroft v. Iqbal*, the United States Supreme Court stated that to survive a 12(b)(6)

4

motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  The plausibility standard "asks for more than a sheer possibility that a [party] has acted unlawfully." *Id*.  Rather, "[i]t requires [a party] to articulate facts, when accepted as true, that 'show' that [the party] has stated a claim entitling [them] to relief[.]"  *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557).  Such "factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

### III.

Defendant asserts that West Virginia is an "employment at will state" wherein the employment relationship may be terminated by the employee or employer at any time for any reasons so long as the termination is not made for an illegal reason, such as in violation of a statute or a recognized state public policy.  In its motion, Defendant argues that even though Plaintiff did not allege the statute he believes was violated, he has failed to sufficiently allege a cause of action for sex discrimination and sexual harassment based on a hostile work environment under the West Virginia Human Rights Act.  Defendant argues that a claim in the first instance fails because Plaintiff is not and has not alleged that he is a member of a protected class, and in the second, because Plaintiff fails to allege that that sexual harassment pervaded the work environment in

5

which he worked. For these reasons, Defendant asserts dismissal is warranted for Plaintiff's failure to allege a prima facie case of a violation of the West Virginia Human Rights Act, by sex discrimination and/or sexual harassment based on a hostile work environment. Finally, Defendant challenges the sufficiency of Plaintiff's pleading by asserting that since Plaintiff cannot make a viable claim for sexual harassment, "it flows that he cannot make a viable claim that he was wrongfully discharged because of it[]" in violation of West Virginia's public policy. (Document 5) at 1-4.)

In opposition, Plaintiff asserts that "Defendant has not correctly identified the basis of the Plaintiff's claim against the Defendant." (Document 6) at 1.) Plaintiff states that his claim against the Defendant "is not based upon the manner in which the investigation of his conduct was handled[,]" premised upon a wrongful discharge claim or made upon the basis of a hostile work environment due to sexual harassment. (*Id*. at 2-3.) Instead, Plaintiff asserts that he "has alleged that the Defendant's actions pertaining to the reduction in [his] employment title, reduction in compensation and benefits, were a discriminatory action based upon his sex." (*Id.* at 4.) Contrary to the assertion made by Defendant that Plaintiff is not a member of a protected class, Plaintiff argues that in sexual discrimination cases, the potential protected classes are both males and females and that "[i]t is not necessary for [him] to make an [sic] specific allegation that he is a member of the protected class of males." (*Id*. at 3.) He asserts that he has alleged that he was treated differently based on his sex and that is sufficient to allow his claim to move forward. (*Id*.) Additionally, Plaintiff argues that West Virginia law prohibits an employer from treating male and female employees in different manners on issues of compensation, terms of employment and conditions or privileges associated with employment unless such action meets W. Va. Code §

6

5-11-9(1). (*Id*. at 5.)

In its reply, Defendant argues that "the law necessarily requires that Plaintiff plead and prove that he is a member of a group protected by the Act (West Virginia Human Rights Act, W.Va. Code Sec. 5-11-1, et seq. 1979) in order to make a prima facie case of employment discrimination." (Document 7) at 1.) Defendant contends that Plaintiff's statement otherwise is contrary to the law and proves the Complaint "entirely fails on this ground" and should be dismissed.

*IV.*

A review of the Complaint and the parties' written submissions reveal that Plaintiff has not asserted a wrongful discharge claim or a hostile work environment claim based on sexual harassment. Therefore, Defendant's arguments relative to such claims are moot. Rather, Plaintiff argues that he has sufficiently pled factual allegations to support his claim that "Defendant's actions pertaining to the reduction in [his] employment title, reduction in compensation and benefits, were a discriminatory action based upon his sex." (Document 6) at 4.) Therefore, the sole issue before the Court is whether Plaintiff has sufficiently pled a prima facie case of sex discrimination. As an initial matter, the Court finds that Plaintiff does not directly state whether his claim is made pursuant to federal or West Virginia law. However, he did allege that the Defendant's actions were "sexually discriminatory, arbitrary, against the policies adopted by the Defendant, and . . . violated the Plaintiff's state constitutional rights against sexual discrimination in employment. (Compl. ¶ 21; *see* Pl.'s Opp'n at 4-5 (discussing W. Va. Code § 5-11-9 & 5-11-3(h)). In West Virginia, the West Virginia Human Rights Act makes it unlawful "[f]or any employer to discriminate against an individual with respect to compensation, hire,

7

tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required[.]" W. Va. Code, 5-11-9(1). Moreover, the Act provides that "[t]he term 'discriminate' or 'discrimination' means to exclude from or fail or refuse to extend to, a person equal opportunities because of . . . sex[.]" W. Va. Code, 5-11-3(h). In the third syllabus point established in *Conaway v. Eastern Associated Coal Corp*., 178 W. Va. 164, 358 S.E. 2d 423 (1986), the West Virginia Supreme Court of Appeals, set forth the general elements of a claim of discrimination:

> In order to make a prima facie case of employment discrimination under the West Virginia Human Rights Act, W. Va. Code § 5-11-1 et seq. (1979), the plaintiff must [allege] the following:
>
> (1) That the plaintiff is a member of a protected class[;]
>
> (2) That the employer made an adverse decision concerning the plaintiff;
>
> (3) But for the plaintiff's protected status, the adverse decision would not have been made.

(*Id*.); *Roth v. DeFelicecare, Inc*., 700 S.E.2d 183, 192.)

The Court has reviewed the Complaint as a whole and, as is required at this stage of litigation, accepted the factual allegations as true for the purposes of this motion. In doing so, the Court is not persuaded that dismissal is warranted. The Court observes that Defendant does not challenge Plaintiff's ability to satisfy the latter two elements of a claim of discrimination. (Document 5) at 3) ("[I]t is clear that he cannot meet the prima facie case [of discrimination] even if he were to [allege a violation of the West Virginia Human Rights Act because] . . . Plaintiff fails the first requirement: he is not a member of a protected class."); (Document 7) (arguing Plaintiff failed to allege he is a member of protected class). The lack of contest with respect to these two

elements is well founded. In paragraphs 11 and 27, the Plaintiff alleges that his role within Defendant's company changed. On August 28, 2009, he was removed from his position of Manager of Operations and transferred to the position of MRI Technologist, and on March 15, 2010, he was reduced from Full-time to PRN status. As a result of these changes in his employment position, Plaintiff's income and benefits were decreased. Clearly, Plaintiff has alleged he suffered an adverse employment action, satisfying the second element identified above. Moreover, in paragraphs 13-18, the Plaintiff alleges that he distributed an email that contained "nick-names" for the President of the United States and West Virginia's United States Congressional delegation to four of Defendant's employees, a female recipient of his email forwarded Plaintiff's email to others within Defendant's company, and one of the addressees "did not approve" of the email and filed a complaint with the Defendant. However, the female employee "did not receive the same disciplinary action as the Plaintiff." Plaintiff, in paragraph 19, alleges that "Defendant's treatment of the female employee and the Plaintiff were not equal and are sexually discriminatory." (Compl. ¶ 19.) Additionally, in paragraph 21 of the Complaint, Plaintiff alleges that he was not treated equally, was sexually discriminated against in violation of Defendant's policies, Equal Employment Opportunity Policy and the West Virginia Constitution. (*Id*.) Upon consideration of the foregoing allegations and the totality of the Complaint, the Court finds that Plaintiff has sufficiently alleged facts to satisfy the third element.

Defendant asserts that Plaintiff has not alleged that he is a member of a protected class. Upon review of the Plaintiff's pleading, the Court likewise finds that there is no direct statement that Plaintiff is a male, and a member of a protected class. However, the Court finds that Plaintiff's allegations included a reference to his male gender and that of a female employee whom

9

he alleges received unequal treatment from their employer. (Compl. ¶¶ 4, 10-12, 15, 17-19, 23, 27.) Although a statement about a plaintiff's protected status is required in an allegation of discrimination, the Court finds that there are factual allegations that would allow a party to be put on notice of the claim and enough facts here to allege each element of the claim. Upon consideration of the totality of the Complaint, the pleading contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

V.

A review of Plaintiff's pleading reveals that he has alleged sufficient factual matter, accepted as true, 'to state a claim [of gender discrimination for] relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Therefore, the Court finds that dismissal of Plaintiff's Complaint is not warranted.

Upon consideration of Plaintiff's Complaint and the parties' written contentions, the Court does hereby **ORDER** that Defendant, Alliance Healthcare Services, Inc.'s, Motion to Dismiss (Document 4) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: June 22, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA